GEORGE E. TURNURE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10045. Promulgated December 27, 1927.

*Melvin G. Palliser, Esq.*, for the petitioner.
*E. G. Smith, Esq.*, for the respondent.

OPINION.

PHILLIPS: Fifteen per cent of petitioner's net income for 1922 amounted to $11,388.83. More than this amount was paid to or for

the Lenox Brotherhood by petitioner in 1922. Petitioner contends that this sum represents contributions or gifts made for charitable and educational purposes and that said amount is deductible from his income under the provisions of section 214 (a) (11) of the Revenue Act of 1921, which permits the deduction of:

(11) Contributions or gifts made within the taxable year to or for the use of: * * * (B) any corporation, or community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including posts of the American Legion or the women's auxiliary units thereof, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual; * * *

While not incorporated, the Lenox Brotherhood operated under a constitution and through officers elected by its members. There would seem to be no question that it is properly to be designated an association and, as such, falls within the definition of a corporation as set out in section 1 of the Act. Nor is it contended that this association had any net earnings which might inure to the benefit of any private stockholder or individual or, indeed, that if there were any such earnings they would so inure. The sole question presented is whether the Brotherhood is " organized and operated exclusively for religious, charitable, scientific, literary or educational purposes."

" Charitable " may be used in either a broad or a narrow sense. In its narrow sense, charity means whatever is bestowed gratuitously on the needy or suffering for their relief. In its widest sense, charity denotes all the good affections which men should bear to each other, and in that sense embraces what is generally understood as benevolence, philanthropy, and good will.

A definition of charity used by counsel in the case of *Vidal* v. *Girard*, 2 How. 127, and subsequently quoted with approval in many courts, including the Supreme Court (*Ould* v. *Washington Hospital*, 95 U. S. 303), is as follows:

Whatever is given from the love of God, or for the love of your neighbor, in the catholic and universal sense, given from these motives and to these ends, free from the stain or taint of every consideration that is personal, private or selfish.

In the last cited case it is said:

A charitable use, where neither law nor public policy forbids, may be applied to almost anything that tends to promote the well-doing and well-being of social man.

The purpose of the Lenox Brotherhood was not to dispense charity as the word is used in its narrow sense. Its purpose was not to relieve the suffering of unfortunate individuals or to provide the poor with the necessities of life. It supplemented the churches and the schools by extending to the community opportunities for in-

struction in many things not taught in the schools or churches, but which lead to a better understanding and enjoyment of life. It was an institution with a broadening influence on the social, intellectual, physical, and, perhaps, moral life of the members of the community. The object of the association as stated in its charter was to draw into closer relationship the members of the community and to promote their intellectual, moral and physical welfare. We have no doubt that contributions made for such a purpose " free from the stain or taint of every consideration that is personal, private, or selfish " and tending " to promote the well-doing and well-being of social man " are charitable within the broad understanding of that word which has been adopted and applied by the courts.

We have not overlooked the social aspect of the Brotherhood. It would seem clear that if its main purpose was social, it would not meet the test of the statute. Practically all religious and educational associations and some charitable organizations make use of social or athletic features, but only as a means to an end. Unless the social feature predominates such organizations are none the less exclusively religious, educational, or charitable. The general or predominant purpose is principally to be considered. *Chemists' Club v. United States* (Ct. of Cls.) 6 Am. Fed. Tax Rep. 6797. The social activities of the Brotherhood were aimed at the accomplishment of its purposes as stated in its charter. These purposes we believe to be charitable and educational within the broad meanings of those terms.

The fact that some persons paid small sums for the use of the privileges of the organization does not prevent it from being charitable or educational. Many well known organizations whose classification as charitable, religious, or educational has never been questioned make charges to those using their facilities. Many persons and organizations used the facilities of the organization without charge. It was never intended that it should be self-sustaining or a profit-making venture.

We are of the opinion that the Lenox Brotherhood was exclusively a charitable and educational institution and that the contributions made to it by the petitioner in 1922 were deductible to the extent of 15 per cent of his net income.

Reviewed by the Board.

> *Decision will be entered on 10 days' notice, under Rule 50.*

STERNHAGEN dissents.