JOHN R. SIBLEY AND ELIZABETH SIBLEY STEBBINS, EXECUTORS, ESTATE OF RUFUS A. SIBLEY, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24921.    Promulgated June 5, 1929.

*Kendall B. Castle, Esq.*, for the petitioners.
*Thomas M. Mather, Esq.*, for the respondent.

916

OPINION.

Milliken: The question presented by this proceeding depends on whether the employees' association is an exempt organization as defined in section 231(6) of the Revenue Act of 1921, and whether the contribution made by Rufus A. Sibley is allowable as a deduction in the computation of net income under section 214(a) (11), Revenue Act of 1921.

Section 231(6) provides:

That the following organizations shall be exempt from taxation under this title:

* . * * * * * *

(6) Corporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual.

So much of section 214(a) (11) as is pertinent provides for the deduction of:

Contributions or gifts made within the taxable year, to or for the use of: * * * (B) any corporation, or community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including posts of the American Legion or the women's auxiliary units thereof, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual; * * * to an amount which in all the above cases combined does not exceed 15 per centum of the taxpayer's net income as computed without the benefit of this paragraph.

The essential requirements in both sections are the same. The purpose must be one of those named, viz., religious, charitable, scientific, literary, or educational. The corporation or other entity must be organized and operated exclusively for that purpose and no part of its net earnings shall inure to the benefit of any private stockholder or individual.

Meeting these requirements, the corporation is not taxable on its income and contributions to it by an individual taxpayer are deductible in the computation of his net income, subject to a percentage limitation.

Aid to the sick, afflicted, and those in distress is one of the commonest and most commendable forms of charity. It may be in the form of hospitals, nursing, furnishing medical attention, or financial assistance as in the instant case, but whatever its form, if the motive be to aid the afflicted and those in distress it is a charity.

In *Ould* v. *Washington Hospital*, 95 U. S. 303, 311, a devise for a foundling hospital was questioned, but the court, in upholding it, said:

A charitable use, where neither law nor public policy forbids, may be applied to almost any thing that tends to promote the well-doing and well-being of social man. Perry on Trusts, sect. 687.

In the *Girard Will* Case, the leading counsel for the will thus defined charity: "Whatever is given for the love of God, or the love of your neighbor, in the catholic and universal sense,—given from these motives and to these ends, free

from the stain or taint of every consideration that is personal, private, or selfish." Mr. Binney's Argument, p. 41.

The objection of uncertainty in this case as to the particular foundlings to be received is without force. The endowment of hospitals for the afflicted and destitute of particular classes, or without any specification of class, is one of the commonest forms of such uses. The hospital being incorporated, nothing beyond its designation as the donee is necessary. Who shall be received, with all other details of management, may well be committed to those to whom its administration is intrusted. This point is so clear, that discussion or the citation of authorities is unnecessary. * * *

The evidence shows that this employees' association depended for its existence entirely upon voluntary contributions and interest on its funds, if any. No person was required to contribute thereto, and no person was entitled to aid by force of any contract, agreement, or contribution. All employees of Sibley, Lindsay & Curr Co. were eligible, but were only entitled to relief in the discretion of the board of directors of the employees' association. The funds of the association were used entirely in providing disability or death benefits to the deserving and needy employees of Sibley, Lindsay & Curr or aid to members of their families, and no part of the net earnings of the association inured to the benefit of any private stockholder or individual.

In the articles of incorporation it is provided:

Second: The principal objects for which said corporation is to be formed are:
(a) To promote a spirit of good-fellowship, fraternity and social intercourse among its members, and in general to promote and further all means looking toward the welfare of its members.

In the actual operation of the association this feature of its corporate powers was practically abandoned, except as it was incidental to the granting of relief. In George E. Turnure, 9 B. T. A. 871, where the Lenox Brotherhood had and exercised such powers, we said:

We have not overlooked the social aspect of the Brotherhood. It would seem clear that if its main purpose was social, it would not meet the test of the statute. Practically all religious and educational associations and some charitable organizations make use of social or athletic features, but only as a means to an end. Unless the social feature predominates such organizations are none the less exclusively religious, educational, or charitable. The general or predominant purpose is principally to be considered. Chemists' Club v. United States, Court of Claims; 6 Am. Fed. Tax Rep. 6797. The social activities of the Brotherhood were aimed at the accomplishment of its purposes as stated in its charter. These purposes we believe to be charitable and educational within the broad meanings of those terms.

The association meets the test of an exempt corporation as provided by section 231 (6) of the Revenue Act of 1921 and contributions thereto by an individual come within section 214 (a) (11) and are deductible to the extent of the limitation provided by statute.

The return of petitioners' decedent, Rufus A. Sibley, is not before us. The statement accompanying the deficiency letter shows that decedent claimed and was allowed other contributions as deductions under section 214(a)(11) but it does not appear that he has been allowed 15 per cent as therein provided. Petitioners are entitled to deduction on account of the contribution herein in an amount which added to that already allowed will equal 15 per cent of decedent's income as computed without the benefit of section 214(a)(11).

Reviewed by the Board.

*Judgment will be entered under Rule 50.*