Estate of Isabelle Scudder Farrington, James E. Gillis, et al., Executors v. Commissioner.
Estate of Isabelle Scudder Farrington v. Commissioner
Docket No. 7104.
United States Tax Court
1946 Tax Ct. Memo LEXIS 265; 5 T.C.M. (CCH) 78; T.C.M. (RIA) 46039; February 12, 1946
H. B. McCawley, Esq., 640 Shoreham Bldg., Washington 5, D.C., for the petitioners. Clay C. Holmes, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $3,638.28 in estate tax. The only error assigned is the action of the Commissioner in denying a deduction of $78,000 claimed as a charitable bequest. Findings of Fact This proceeding has been instituted by the duly constituted executors of Isabelle Scudder Farrington, who died testate on March 10, 1941. The estate tax return was filed with the collector of internal revenue for the district of Maryland. The decedent, by her will, left property valued at $78,000 to The Scudder Association, Inc., a corporation organized *266 in 1938 under the laws of the State of New York. The pertinent provision of her will is as follows: "all of the said parts or shares which shall remain I give and bequeath absolutely to the Scudder Association, a New York corporation, for the general uses and purposes of said Association * * *." The purpose of The Scudder Association, Inc., as stated in its articles of incorporation, is as follows: 2. The primary purpose for which it is to be formed is to furnish adequate financial support and assistance to the Scudder Memorial Hospital at Ranipettai (Arcot) Madras Presidency. India, (which was erected, to honor and perpetrate the missionary work begun in the year 1819 by Reverend John L. Scudder, mainly through the efforts and at the expense of members of the Scudder family) and to solicit and collect gifts and accept bequests for such purpose. If, however, (a) the corporation shall at any time decide, by vote of its members at a meeting duly called for such purpose, to withdraw or discontinue its support of the said hospital, by reason of change of its ownership or its policies, or for any other cause, or, if, (b) at any time, the funds of the corporation shall, in the judgment *267 of its board of directors, exceed the amount needed for said support, so far as the same can reasonably be foreseen, then, in either of such events, any funds not required for said support shall, at such times and in such manner as the board of directors shall determine, be applied to religious, charitable or educational purposes, either by making contributions to other organizations formed for such purposes, or by paying over the same to or for the benefit of deserving individuals, without regard to family, race, creed or color and irrespective of their connection or lack of connection with the corporation. In no event shall any officer, member or employee of the corporation, or other individual, receive or be lawfully entitled to receive any pecuniary profit from its operations or any part of its net earnings, except reasonable compensation for services in effecting one or more of the aforesaid purposes or as proper beneficiaries of its strictly charitable purposes. Thomas Scudder came to Massachusetts in 1632. John followed him in 1635. They have many descendants. Rev. John Scudder, M.D., a descendant of Thomas, went to India as a medical missionary in 1819. Many other members *268 of the Scudder family have subsequently gone to India as doctors or missionaries. Some of them have, like John, been both doctors of divinity and of medicine. The Scudder Memorial Hospital in Ranipet, India, was completed in 1928, largely through the efforts of the Scudder family, but with aid from the local government, as a memorial to John. It is still in operation. Originally, no charges were made for services, but later, those who could, were required to pay something. It has never been self-sustaining but has always been supported by contributions and state aid. No part of its earnings inures to the benefit of any private stockholder or individual. The Mission Board of the Dutch Reformed Church has charge of the administration of the funds for the Scudder Memorial Hospital, so that any contributions for that institution go through that Board. Ida S. Scudder, while residing in India as a child, the daughter of a doctor then serving there, became so disturbed about the unwillingness of the Indians to accept male medical attention for their women, that she determined to study medicine and return to minister to the women of India. She has carried out her resolve. Now about 75, *269 she has worked for about fifty years on behalf of the women of India. She started a women's hospital in Vellore, India, in 1902, and in 1918 a medical school for women at the same place. These institutions are not self-supporting but are maintained with aid from church missions and individuals who make contributions. No part of their earnings inures to the benefit of any private stockholder or individual. A number of organizations of the Scudder family have been formed to aid financially the above-described charitable and educational institutions by interesting the members of the family and others in them and urging donations and bequests. The Scudder Association, Inc. is one. It is a rather loosely operated corporation supported almost entirely by annual dues and a few relatively small contributions. Its operating expenses have always far exceeded its income. It usually has a membership of several hundred who are not necessarily closely related. Annual dues are $.50, plus $1.00 to cover the cost if the member desires to receive a Bulletin published usually once or twice a year. A typical treasurer's report shows a balance of several hundred dollars carried over from the previous *270 year; dues of several hundred dollars; interest, dividends, and gifts usually amounting to less than $100; miscellaneous expenses of about $50; expenses of publishing each Bulletin, about $175; sometimes a small salary for the secretary usually specially donated; and some small disbursements for charitable contributions. The Bulletin contains news of Scudders, much genealogical data on members of the family, and some references to the institutions in India. It is designed to enlarge and hold together the organization and to keep the members interested in the purposes of the corporation. The officers try to get together some of the members at one or two places each year on which occasions those attending pay their own expenses. The officers meet once a year. The corporation has contributed directly and indirectly to the support of the hospitals and medical school in India. Most donations have been made to the institutions without going through the treasury of the corporation. The Scudder Association, Inc., is a corporation organized and operated exclusively for religious, charitable, or educational purposes, no part of the net earnings of which inures to the benefit of any private *271 stockholder or individual. The decedent was a Scudder and a member of the Association. She announced in 1940 that she intended to make a bequest to the Association, after which a resolution of thanks and appreciation was drawn up in which it was said that the income from the fund would be used, first, to assure permanency of the Association, and, second, to assist in the education of the members of the family whose circumstances and character justify such assistance, and, third, to aid the hospital and Medical College in India. This was not a formal action of the Board of Directors or of the members, but was merely intended as a polite gesture. There has been little income from the bequest to date. The Commissioner, in determining the deficiency, disallowed the deduction of $78,000 with the explanation that the Scudder Association, Inc. does not qualify under section 812 (d), I.R.C.
Opinion MURDOCK, Judge: The respondent argues that the Association was not organized and operated exclusively for charitable or educational purposes, first, because the evidence does not show that the hospital in India was a charitable institution, second, because the principal *272 activities of the Association, publication of the Bulletins and extending aid to needy Scudders, were for family purposes, and third, because the use of the particular bequest here in question was fixed by the "resolution", and the purposes mentioned therein are not charitable. The respondent does not contend that a part of the net earnings of the association inured to the benefit of any private stockholder or individual. It had no net earnings. The issue has been narrowed to the question of whether it was organized and operated exclusively for charitable or educational purposes. Its purpose was to aid in the support of the two institutions in India and, of course, if they were not charitable or educational, that fact might be controlling here. This question of the character of the two institutions in India was not emphasized by either side during the trial but is brought out in the respondent's brief. It appears from documentary evidence, introduced without objection, as well as from the testimony, that the two institutions in India were charitable organizations. They are repeatedly described as charitable, and the evidence of their maintenance and operation shows that they were *273 nonprofit organizations supported by church missions and contributions. While the evidence on this subject could be much more direct and complete, nevertheless, we deem it sufficient. The Bulletins were incidental to the main purpose of the Association. They were used to hold the group together and to sustain interest. There is uncontradicted evidence to this effect. The main purpose controls and that was within section 812 (d). George E. Turnure, 9 B.T.A. 871; John R. Sibley, et al., Exrs., 16 B.T.A. 915. The fact that the Association on a few rare occasions aided or acted as an instrument in aiding some indigent persons named Scudder, does not prevent its operations from being exclusively charitable. Those acts are charitable within the meaning of the Code. Estate of Agnes C. Robinson, 1 T.C. 19. The "resolution" was not binding upon the Association. It preceded the bequest. The bequest was not restricted in any way. Furthermore, money was needed to operate the Association, and a bequest for that purpose would be charitable within the Code. Education of Scudders whose circumstances justified such assistance, would be within the Code provisions *274 also. Estate of Agnes C. Robinson, supra. The Commissioner erred in disallowing the deduction. Decision will be entered under Rule 50.