ESTATE OF J. B. WHITEHEAD, BY THE CITIZENS AND SOUTHERN NA-
TIONAL BANK, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 107365. Promulgated January 17. 1944.

*Pope F. Brock, Esq.*, for the petitioner.
*Bernard D. Hathcock, Esq.*, for the respondent.

46

[REDACTED]

OPINION.

DISNEY, *Judge*: The petitioner deducted in returns filed by it for the taxable years amounts accrued to the Joseph B. Whitehead Foundation, a corporation organized under the will solely for charitable purposes. The amount deducted each year was the residue of gross income after making other deductions not herein involved, and after leaving $12,500 for distributions to beneficiaries of two special bequests provided in the decedent's will.

In his determination of the deficiencies the respondent held that the income of petitioner was not paid to, or permanently set aside for the use of, a charitable foundation specified in section 23 (o) of the Revenue Acts of 1936 and 1938 and the Internal Revenue Code, and accordingly that no deductions were allowable under the provisions of section 162 (a) of those acts and the Code.

The will of the decedent provided in general terms, and subject to more particular conditions hereinafter discussed, that certain contractual obligations to his widow and a former wife should be carried out and executed by his executors and by a corporation to be formed; that such corporation should be formed as soon as possible after his death and that his estate should be delivered to it; that such corporation, after paying $12,500 a year from income upon two special bequests should use one-fourth of the income from such estate by disbursing it to deserving orphans' homes; and the balance for charitable purposes and in the relief of pain and suffering and poverty, and for the relief of such institutions as hospitals and like institutions that dispense charity, or are worthy and in need of funds, in addition to which such corporation could in its discretion disburse funds to individuals, associations, and institutions such as schools, whether public or private, if deemed worthy, deserving, and in need of funds. The petitioner, the executor of the estate, duly took charge of the estate, which was valued at approximately six million dollars. The widow filed suit to recover the entire estate as sole heir, and questions arose as to the estate tax. After about a year the widow's claim was settled for $500,000, and shortly thereafter a corporation, known as the Joseph B. Whitehead Foundation, was formed along the lines provided in the decedent's will, the will in effect being by reference made part of the corporate charter. The first distribution, of

$200,000, was made by the executor to the corporation about a year and a half later, in 1938, after the amount of the estate tax had been fixed. The executor continued to receive the income of the estate throughout the taxable years, in the meantime making payments to the widow and a former wife, also upon the special bequests. During 1939 the executor paid the corporation $966,238.65. Some of the payments in the meantime had been made from corpus and in particular transfers had been made from income account to corpus account in order to pay the $500,000, the amount of the settlement with the widow.

The questions presented by the parties are in effect whether under sections 162 (a) of the Internal Revenue Code the petitioner may deduct from gross income the entire amount thereof, except certain other deductions not here involved, and except the $12,500 a year paid under the two special bequests, which deduction the petitioner claims under section 162 (b) or (c) and as distributed currently by a fiduciary to a beneficiary. The petitioner's view is in substance that the gross income (except the amount paid upon the two special bequests) was all deductible because, under the terms of section 162 (a) it was, pursuant to the terms of the will and during the taxable years, paid or permanently set aside to a corporation complying with the terms of section 162 (a), and further because such gross income was, pursuant to the terms of the will, and the statute, to be used exclusively for charitable or educational purposes. The respondent's position is in effect that none of the deductions are proper on the ground that the will did not provide for such payment or permanent setting aside of the gross income as contemplated by the statute for the reason that the corporation formed was not, as required by section 162 (a) by reference to section 23 (o), one organized or operated exclusively for charitable or educational purposes, no part of the net earnings of which inures to the benefit of any private shareholder or individual, and further that the will did not provide for the use of the gross income exclusively for charitable or educational purposes. Sections 162 (a), (b), and (c) and 23 (o) (2)[1] are set forth in the margin.

---

[1] SEC. 162. NET INCOME.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

(a) There shall be allowed as a deduction (in lieu of the deduction for charitable, etc., contributions authorized by section 23 (o) any part of the gross income, without limitation, which pursuant to the terms of the will or deed creating the trust, is during the taxable year paid or permanently set aside for the purposes and in the manner specified in section 23 (o), or is to be used exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, or for the establishment, acquisition, maintenance or operation of a public cemetery not operated for profit;

(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries. * * *

(c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discre-

Although the petitioner has the burden of showing its right to the deductions claimed, the element of charity requires liberal construction. *Helvering* v. *Bliss*, 293 U. S. 144; *Old Colony Trust Co.* v. *Commissioner*, 301 U. S. 379; *Edwards* v. *Slocum*, 264 U. S. 61. Tax provisions as to charities are begotten from motives of public policy and are not to be narrowly construed. *Beggs* v. *United States*, 27 Fed. Supp. 599; *Harrison* v. *Barker Annuity Fund*, 90 Fed. (2d) 286, 289.

It is apparent from the whole record that the intent of the testator, as expressed in his will, was that his estate should be devoted to charitable or educational uses after the discharge of his contractual obligations to his widow and former wife, and after the payment of two special bequests. Does the existence of such exceptions and the further fact, urged by the respondent, that under the will amounts could be disbursed to institutions such as schools. public or private, and to deserving individuals, preclude classification of the foundation set·up, within the terms of section 162 (a), and consequent allowance of the deductions; and what is the effect of the latter part of section 162 (a) as to income which under the will is to be used exclusively for charitable or educational purposes?

The test of the propriety of the deductions claimed is furnished by the terms of the·will, and not by what was actually done thereunder by the petitioner. *Bowers* v. *Slocum*, 20 Fed. (2d) 350. That case construes that part of section 162 (a) which appeared in section 219 of the Revenue Act of 1918; i. e., the portion granting deduction of gross income paid or permanently set aside to charitable, etc., organizations. In pertinent part it holds as follows:

Section 219 (b) does not make the deduction depend upon the action of the executors in crediting the income upon their books, but upon the permanent setting aside of the income by the will itself for corporations of the character in question. The question, therefore, resolves itself into this: Was the income received by the estate during the year 1919 permanently set aside for the residuary legatees by the will itself?

\* \* \* \* \* \* \*

tion of the fiduciary, may be either distributed to the beneficiary or accumulated. there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee. heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary.

SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

\* \* \* \* \* \* \*

(o) CHARITABLE AND OTHER CONTRIBUTIONS.—In the case of an individual, contributions or gifts payment of which is made within the taxable year to or for the use of:

\* \* \* \* \* \* \*

(2) A domestic corporation, or domestic trust, or domestic community chest, fund, or foundation, organized and·operated exclusively for religious. charitable, scientific. literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual \* \* \*

The government, as I understand it, argues that the income in question might have been allowed as a deduction, if it had been paid by the executors or credited on their books. This would make the imposition of the tax depend upon some act of the executors, which had no result in law upon the rights of the parties, and is not in accordance with what we have found to be the expressed intent of the Congress, which was to tax the income received by the estate, which would pass to any person subject to taxation, but relieve from taxation the income set aside by the terms of the will for corporations of the character described.

In *Leubuscher* v. *Commissioner*, 54 Fed. (2d) 998, we read:

* * * The purposes of the bequest are to be ascertained from the will, not the corporation's charter privileges, and the conduct of the trust since, if not in accordance with the will, is merely a perversion or mismanagement of the trust to be corrected by proper authority. *Eagan* v. *Com'r*, 43 F. (2d) 881, 71 A. L. R. 863 (C. C. A. 5).

In *Hu L. McClung et al., Executors*, 13 B. T. A. 335, we said executors could not by their acts change the directions contained in the will. We therefore look to the terms of the will, and apply them to the statute involved.

The latter part of section 162 (a), that is, "or to be used exclusively for * * * charitable * * * or educational purposes * * *," was added in section 219 (b) (1) of the Revenue Act of 1924, the earlier portion, in substance referring to payment to, or setting aside for use by, certain classes of corporations or organizations, having existed prior thereto. Such language in the Act of 1924 provided an additional deduction. Senate Committee Report No. 398, 68th Cong., 1st sess., referring to a part of the language added. The remainder was added in the House bill. Apparently, and it seems to us with good logic, it was considered that the trust involved in the requirement of exclusively charitable, etc.. use would guarantee application to such uses, equally as safely as requiring an organization formed and operated exclusively for such uses. If. therefore, in this case the will provided that any part of the gross income of his estate was to be used exclusively for charitable or educational uses, as to such part the foundation, the agency for such use, provided by the will, need not comply with the requirements of the earlier part of section 162 (a), that is there need be no payment to, or permanent setting aside to, an entity organized and operated exclusively for charitable or educational purposes with no benefit inuring to private individuals, as required by the section prior to 1924.

In *Estate of Edward T. Bedford*, 39 B. T. A. 1039, we construed section 162 (a) of the Revenue Act of 1934 and approved deduction by an estate of an amount which the testator's will directed to be paid to his daughter for a charitable or educational purpose—the maintenance of a garden enjoyed by the public. Thus it appears that no corporation or other organization qualifying under the first part of section 162 (a) was required to supervise the disbursal of the money,

50

only an individual doing so. *Eagan* v. *Commissioner*, 43 Fed. (2d) 881, involved estate tax and section 403 (a) (3) of the Revenue Act of 1921. That section *inter alia* provided for deduction of bequests "to or for the use of any corporation" organized for charitable, etc., purposes, or to a trustee exclusively for such purposes. The court held that the bequest was to trustees and not to a corporation (though as such trustees they controlled the corporation), and that therefore, under the latter clause of the statute as to trustee "the organization and operation of the corporation are therefore not material." and that the deduction of the bequests to the trustees was proper. There is in our opinion no essential difference, so far as here concerned. between the latter part of section 403 construed as above by the court, and the latter part of section 162 (a). In the case of each, provision for deduction merely because of exclusively charitable, etc., use of legacies was added to the earlier clause requiring that the recipient be an organization organized and operated exclusively for such charitable, etc., purposes. That the intent was to broaden the deductions beyond those merely to organizations particularly organized and operated is patent. A trust was imposed in the instant case upon the funds to be "exclusively used" for charity, education, etc. They were received in trust for such use. The respondent, upon reply brief, takes the view that the foundation received the remainder in trust. We conclude and hold that within the "to be used exclusively" clause in section 162 (a) the foundation receiving and disbursing the estate was not required to qualify, under the earlier language, as one organized and operated exclusively for charitable purposes. etc., but that the statutory provision covers the situation if the charitable, etc., use of the estate as directed by the will was to be exclusive. The use required by the will, not the character of the disbursing agency, is sufficient test, under the latter part of section 162 (a). We hold, too, that the testamentary provision here involved provided the exclusive use for charity, etc., required by the statute. That the primary purpose and terms of the will was charitable is not and could hardly be denied, for, with the exception of providing for the discharge of contractual obligations to his widow and former wife (required, of course, to be paid, regardless of mention in the will) and payment of two special bequests, testator's entire fortune was devoted to charity; except also that the foundation which he set up might, under the terms of the will, make distributions of funds to institutions, such as schools, public or private, and individuals, if deemed in need, worthy, and deserving. The argument is that these particular provisions prevent a conclusion that the purposes of the will were exclusively charitable in nature. The word "exclusive" has been liberally construed. *Estate of Robert Marshall*, 2 T. C. 1048. The mere fact that some provisions are not

charitable in nature does not require denial of the deduction. In *Lederer* v. *Stockton*, 260 U. S. 3, a devise to a hospital created for charitable purposes was subject to the payment of $800 per year. The Court, speaking of the hospital, said:

> * * * It uses the remainder of the income from the fund for its expenses. It is thus actually receiving the full benefit of the income of $15,000 from the residuary fund, reduced only by the annuity of $800.
>
> *        *        *        *        *        *        *
>
> * * * we see no reason why the exemption should not be given effect under the circumstances. To allow the technical formality of the trust, which does not prevent the Hospital from really enjoying the income would be to defeat the beneficent purpose of Congress.

In *Estate of Edward T. Bedford, supra,* we said:

> * * * The word "exclusively" does not serve to defeat a claimed deduction where the primary use is charitable even though some purely incidental use, which is not charitable, may inherently result. * * *

Among the cases cited as authority are *Trinidad* v. *Sagrada Orden de Predicadores*, 263 U. S. 578; *Y. M. C. A. Retirement Fund, Inc.*, 18 B. T. A. 139; and *Proctor Patterson et al., Executors*. 34 B. T. A. 689.

*Trinidad* v. *Sagrada Orden de Predicadores, supra,* involved the question whether a corporation, otherwise organized and operated for religious, benevolent, etc., purposes failed to be exclusively so because it used its properties to produce income and traded in wine. chocolate, and other articles. It was held that in using its properties to produce income it was adhering to and advancing its religious, charitable and educational purposes and not stepping aside from them or engaging in business, and that transactions in wine and chocolate were incidental.

*Y. M. C. A. Retirement Fund, Inc., supra,* reads in part on this point:

> In determining whether property is exempt as "used exclusively" for certain purposes, the decisions have uniformly held that such language means the primary and inherent use and does not preclude such incidental uses as are directly connected with, essential to, and in furtherance of, the primary use. * * *

In *Proctor Patterson et al,. Executors, supra,* we pointed out in passing, "mere incidental things which are not charitable or educational or religious are not sufficient to deprive the organization [otherwise classified as charitable, etc.] of its charitable or educational or religious classification."

*Emerit E. Baker, Inc.*, 40 B. T. A. 555, involved a nonprofit corporation, otherwise qualified as tax exempt under section 101 (6) of the Revenue Acts of 1934 and 1936. It was held not to lose the exemption because under a will it became trustee to receive an estate, pay the testator's wife $12,000 per year for life (from corpus if necessary), use so much property and estate as she might direct in the education of her nieces and nephews, and upon her death to use the estate for

the benefit of a certain city and its inhabitants in establishing and improving parks, aiding crippled children, assisting the young to obtain an education, etc.

The respondent seeks to distinguish the *Baker* case on the ground that the payments there were merely incidental to and a means of furthering the charitable and educational purposes. We see no distinction between the payments to the wife there and the special bequests and annual payments to the widow and former wife in the instant matter. In both cases the payments were senior to the charitable, etc.. benefactions. The education of the wife's nieces and nephews in the *Baker* case did not come within general charitable purposes. but was a private purpose. The widow in the *Baker* case. in lieu of asserting her rights to dower, actually received amounts greater than provided by the will, just as in this matter the widow was paid $500.000 additional in settlement of her claim to the entire estate. The payment of her claim is not material. It was made from the principal cash account, but, if considered paid from income, it was made contrary to, and not pursuant to, the terms of the will—a perversion of the trust. Though the settlement was followed by a decree of court in accordance therewith, neither the settlement nor the decree designated that payment should be from income. *Leubuscher* v. *Commissioner*, *supra*. In *Potter* v. *Bowers*, 89 Fed (2d) 687. the court held it to be of no consequence that income devoted to charity was reduced by payments made in settlement of a claim against the estate (though in fact deduction was not asked for on the amount of income paid on the settlement). "Both the fund and the disputed income were dedicated to a charitable purpose * * *." To hold that discharge of such claims against an estate as those of the widow, and the former wife, based upon law or contract and payable in any event, destroys a broad testamentary provision that the residuum of the estate go to charity would, no doubt. tend to strike down very many testamentary charities, for it can hardly be thought that an estate would have no claims against it at all.

The discharge of decedent's obligations to his widow and former wife and the payments upon the two special bequests, subject to which the residuary estate was devised much as in the *Baker* case above, were clearly a means to an end, prerequisite to and incidental to the securing of a large fortune for charitable and educational purposes; and in the light of the above cases we conclude and hold that the testamentary provisions for the widow, the former wife, and the special bequests do not constitute ground for refusing classification of the testamentary purposes as exclusively charitable. The same is true of the more general provisions for the benefit of individuals and institutions, such as schools, public or private. Reading the whole clause so providing,

we conclude that the purpose is altogether charitable or educational. All beneficiaries were required to be deserving and needy. The word "charity" is too broadly to be construed, to permit a contrary view. *Old Colony Trust Co.* v. *Commissioner*, *supra*. In *Beggs* v. *United States*, *supra*, the testator provided for distribution "to any charity or for any purpose they [executor and sister] may consider worthy," and also used the words "worthy objects" and "special friends"; yet, considering the entire will and circumstances, the Court of Claims held the objects to be charitable. The same clearly appears here from the will itself.

This leads us to an alternative consideration of the latter clause of section 162 (a), providing for deduction in the case of provision for exclusively charitable or educational use of gross income. The section does not require that *all* gross income be devoted to exclusively charitable, etc., purposes in order for any portion thereof to be deductible, but only that any part of such gross income which the will provides shall be exclusively so used, may be deducted. Since we have just above concluded that the general language as to disbursements to individuals and institutions, such as public or private schools, is charitable or educational, it follows that in any event, of the entire gross income of the estate, all was exclusively devoted to charity, except the $12,500 per year required to pay the two special bequests, the $18,000 annually required for the former wife and the annual amounts payable to the widow ($6,000 per annum for life, or until remarriage, plus $20,000 for four years, and a like sum for a fifth year from 1932, if she did not remarry). Under the latter clause of section 162 (a), all of the income, except the above maximum amounts, was by the terms of the will exclusively devoted to charitable or educational purposes, and the deduction in any event proper. However, concluding as above that the will provided exclusively charitable use for the entire gross income, we hold that all (except the incidental special bequests) is deductible under the latter portion of section 162 (a).

In addition, we conclude, under the authority of the same cases above cited, that the foundation was in fact an organization organized and operated exclusively for charitable or educational purposes. The payments to the widow, former wife, and special bequests constituting, on this point also, only incidents to the primary benefaction set up in the will, and the reference to disbursing funds to institutions such as schools, public or private, and to worthy and deserving individuals all being subject to the direction that the estate be used for charity purposes, we see in such language no violation of the requirement that no part of the net earnings inure to private benefit. A reading of the entire will negatives the idea of noncharitable participation by any individual. The fact that the will was made by reference a part of

the corporate charter of the foundation, therefore, does not indicate that it was organized for other than charitable or educational purposes. The will under the above authority had no other purpose. Such cases as *Henry C. Dubois*, 31 B. T. A. 239; *Amy Hutchison Crellin*, 46 B. T. A. 1152; and *James Sprunt Benevolent Trust*, 20 B. T. A. 19, involve situations where the charitable or educational element was plainly unimportant in comparison with the provisions for private and family benefactions, and do not affect the salutary general rule laid down in the above cases. *Scholarship Endowment Foundation* v. *Nicholas*, 106 Fed. (2d) 552, is not to the contrary. for there the taxpayer paid an annuity to a donor in consideration of the transfer of property to it. The donor made gifts of $130,000, up to the taxable year, and had a right to a life annuity of $5,000. In the taxable year he drew only $2,000. but the amount spent for charity was only $1,000.

It is also contended that the deductions claimed are improper for the reason that the will does not direct the income to be used for charity during the period of administration, covering the taxable years, but that only the foundation could, under the will, spend the income upon charity. In *Potter* v. *Bowers, supra*, the court followed *Bowers* v. *Slocum, supra*, and held that it was not essential that the charitable institution be in existence during the taxable year, it being sufficient if the will mandatorily required its incorporation, and that the income ultimately distributed was deductible even though it had been reduced by an amount paid to settle a suit contesting the will. Here the will directed the organization of the foundation as soon as possible after the testator's death. Petitioner had no discretion in the matter and was bound by the directions set forth in the will. Neither is it essential that the income be earned in the year in which the deduction was made. *Old Colony Trust Co.* v. *Commissioner, supra*. In *Bowers* v. *Slocum, supra*, it is said : "There is no force in the argument that the clause does not apply to estates in process of settlement, but only to trusts, in view of its language, 'pursuant to the will or deed creating the trust.'" In this connection we note that in the *Estate of Edward T. Bedford* case, *supra*, as here, the taxable year was covered by the administration, further, that the will provided, as in this matter, that the trustee should disburse to the daughter the money which was held to have been directed to be used by the daughter exclusively for purposes of charity or education; yet, the deduction was held allowable to the executor of the estate—even though corpus could be used if income were insufficient. Section 162 (a) makes no requirement either that the permanent setting aside of income for the purposes and in the manner specified in section 23 (o) (2), or its exclusive use under the latter clause, be by the executors of the estate in order that the exec-

utors be allowed the deduction. It is true that the will does not in specific terms provide for use of income by the executor, but we find nothing in the statute, which should on this question of charity be liberally construed, to confine the deduction of income devoted to charity to the actual disburser of such income. The statute here involved allows a deduction under entirely different circumstances than those involved in section 162 (b) or (c) and without regard to taxability of the recipient. *Estate of Edward T. Bedford, supra.*

In *Beggs* v. *United States, supra,* the Court of Claims considered a case where the residuary estate was left to charity. The will did not specifically mention income from the residuary estate during administration and distribution, but the court holds that under section 219 (b) (1), Revenue Act of 1926, the same as section 162 (a), here being considered, such specific mention of income during administration was not necessary to the rights of the executor to deduct such income from income for income tax purposes. The estate was in process of administration throughout the taxable years 1927 to 1931, inclusive. Quoting the statute, the court says:

The income derived by the executor during administration became a part of the corpus of the residuary estate, the net proceeds of which we have held were by the will bequeathed to charity and so distributed. As such income was received it was by the terms of the will permanently set side and destined for charitable uses. Such income was clearly deductible.

*Bowers* v. *Slocum, supra,* says on this question:

The intention of the testatrix plainly appears from her will that all of her residuary estate shall go to corporations of the character described in section 219 (b), and the residuary estate includes the income in question. * * *

In so far as deductions should be disallowed in this case, the amount going to charity would be curtailed. and in effect the tax be paid by the beneficiaries of charity. In our opinion the object of the statute is to preserve to the use of charity, free from taxes entailed in deductions denied, that which the testator intended exclusively for charitable use; and to deny such deduction to the executor, prior to the formation of the charitable trust would defeat such object. Moreover, in substance, the disbursements by executors were those of the foundation; and the respondent upon brief, in arguing that the foundation was not operated exclusively for charitable purposes. cites the payments by the executors, ratified and agreed to by the foundation under the agreement of June 15, 1939, as those of the foundation by its agent. The testator considered the foundation to be merely a part of the management of his estate, for he provided that the two annuities, payable for 20 years or life. should be paid "out of the income of my estate." He can not reasonably be pre-

sumed to have expected the administration to be so long continued. The local law provided for payment of debts primarily from corpus, rather than income, leaving the income to charity. *Rachels* v. *Wimbish*, 31 Ga. 214. That corpus might, if income were insufficient, be called upon, is immaterial. *Estate of Edward T. Bedford*, *supra*. No claim is made that the possibility of using corpus for other purposes rendered the charity nondeductible as being impossible of computation, and in any event, such possibility is so remote as to require that no effect be given. The income necessary to pay the special bequest and annual payments to the widow and former wife was only a very small fraction of the annual income of the estate. It is suggested that a state court had construed the will against the petitioner's contention. The order of the local court was not one establishing a rule of property, but merely authorizing the borrowing of money, reciting that it was necessary for the preservation of the estate and the objects for which it was created by the will. The state court could not decide the question of Federal taxation. We conclude that the will permanently set aside income for, and directed it to be used for, charity during the period of administration.

The respondent urges that he was in error in allowing deduction of the amounts paid by the executor upon the two special bequests, contending that the amounts, being payable by the foundation, were not "properly" payable under section 162 (c) by the executor. However, the amounts were to be paid annually out of income, and were actually paid by the executor. Though the will does recite that the special bequests are to be paid by the foundation, it also recites that the bequests are made "out of the income of my estate and before the same is disbursed  *  *  *  by the Foundation." In the light of all this language, we think it within the testator's intent that the special bequests be paid annually both before and after the formation of the foundation. We do not think he intended to leave the two special beneficiaries unprovided for during the period of administration. He intended, in our opinion, that the amounts be paid annually, out of his estate, either by the executor or by the foundation. The amounts were income "which is to be distributed currently" under Section 162 (b). We can not say that the amounts were not properly payable by the executor. We find no error shown in the allowance of the deduction of the $12,500 per year for these bequests.

In view of the conclusions above expressed, it is unnecessary to pass upon the question of limitation upon assessment.

*Decision will be entered under Rule 50.*