ESTATE OF LUCY LÁTHAM BOYLES, DECEASED, HOUSTON LAND & TRUST COMPANY, ET AL., EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4750. Promulgated April 3, 1945.

*John H. Crooker, Esq.*, for the petitioners.

*D. Louis Bergeron, Esq.*, and *L. R. Van Burgh, Esq.*, for the respondent.

1094

[REDACTED]

**OPINION.**

HARRON, *Judge*: Section 812 (d) of the Internal Revenue Code provides that the value of the net estate in the case of a citizen or resident of the United States shall be determined by deducting from the value of the gross estate "the amount of all bequests * * * to or for the use of * * * any State, Territory, and political subdivision

thereof, * * * for exclusively public purposes, or * * * to a trustee or trustees * * * but only if such contributions or gifts are to be used by such trustee or trustees * * * exclusively for religious, charitable, scientific, literary, or educational purposes, * * * and no substantial part of the activities of such trustee or trustees * * * is carrying on propaganda, or otherwise attempting to influence legislation."

The respondent has disallowed the deduction of the $50,000 bequest paid to the Christ Episcopal Church of Houston, Texas, pursuant to article XIV of decedent's will on the ground that it did not come within the provisions of section 812 (d) of the code. His contention is that there was no charitable intent on the part of the decedent, since her only purpose in making the bequest was to create a memorial for her father. He also argues that, even if there were a charitable intent, the term "civic purposes" is so broad in its meaning that it could encompass propaganda and legislative purposes.

In determining whether this bequest is within the provisions of section 812 (d), it is essential that the decedent's intention be ascertained. Since the law favors charitable bequests, if a general charitable purpose is manifest within the limits of the language used by the testatrix, a broad and liberal construction should be applied to that language and the gift upheld. *John Markle*, 28 B. T. A. 201. As pointed out in *St. Louis Union Trust Co.* v. *Burnet*, 59 Fed. (2d) 922, 926, if the words of a charitable bequest are ambiguous or contradictory, they are to be construed to support the charity if possible. See also *Estate of J. B. Whitehead*, 3 T. C. 40, 48. This principle has been uniformly applied by the courts. Thus, in *St. Louis Union Trust Co.* v. *Burnet, supra*, it was held that a fund bequeathed to trustees to be devoted "to such benevolent purposes as, in their opinion, will constitute a fitting testimonial or memorial for me and, in some degree, extend my usefulness and helpfulness to others" was deductible. Similarly, in *Brown* v. *Commissioner*, 50 Fed. (2d) 842, the court held that amounts paid by trustees out of a trust fund created by decedent during his lifetime, under a power conferred upon them by the trust instrument to distribute the residue of the trust property at decedent's death in such a way and at such times as they, in their uncontrolled judgment, might deem best, "bearing in mind the ideals of said settlor," were deductible from the gross estate. See, also, *Estate of Agnes C. Robinson*, 1 T. C. 19; *Koehler* v. *Lewellyn*, 44 Fed. (2d) 654; *Bok* v. *McCaughn*, 42 Fed. (2d) 616.

In this proceeding, the decedent provided that the "fund or the income therefrom or both shall be used by my trustees for civic purposes in the City of Houston, the exact use to be made of said fund to be made known by me to my trustees during my lifetime, but should I fail to determine the exact purposes for which said fund is to be used

and not make it known to my trustees, then the said fund shall be used by my trustees for such civic purposes as they may determine." We think the plain meaning of this provision is a mandate upon the trustees to use the fund only for civic purposes in the city of Houston. The decedent's reference to the designation of the fund as the "Captain Lodowick Justin Latham Memorial" meant only that, regardless of the particular civic purpose in the city of Houston chosen by the trustees, the use was to be designated as a memorial to Captain Latham. The issue thus turns upon whether the term "civic purposes in the City of Houston" is susceptible of a public or charitable use.

The word "civic" is defined in Webster's New International Dictionary as relating, pertaining, or appropriate to a citizen; of or pertaining to a city or other municipality or citizenship; relating to man as a member of society, or to civil affairs. See also Black's Law Dictionary, 3d Ed. The principle is well established that a gift for the benefit of an indefinite number of persons is a public or charitable gift and it is immaterial whether the purpose is called charitable in the gift itself. *St. Louis Union Trust Co.* v. *Burnet, supra.* In Restatement of the Law of Trusts, sec. 373 (c), it is stated that a bequest for the benefit of a town or city, without specifying the method of applying the property, is charitable. Here, the bequest was for the benefit of the city of Houston or its inhabitants. A mandatory duty was imposed on the trustees under the terms of the will to apply the fund for that purpose, which was clearly charitable in nature. We think the term "civic purposes," in its generally accepted meaning, excludes the concept of propaganda or legislative activities. It is therefore held that the $50,000 bequest in issue is a legal deduction from the gross estate under section 812 (d) of the Internal Revenue Code. Accordingly, it is unnecessary to determine petitioners' alternative contention that the state court's decision holding that the bequest was a valid charitable trust is determinative of the issue here.

*Decision will be entered under Rule 50.*