ESTATE OF EMILY ST. A. TAIT, C/O L. F. WOODS, ANCILLARY ADM., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16308.    Promulgated October 29, 1948.

*Sidney B. Gambill, Esq.*, for the petitioner.
*Stanley W. Herzfeld, Esq.*, for the respondent.

VAN FOSSAN, *Judge*: This is an income tax case. It is contended by petitioner that the estate is entitled to a deduction, under section 162 (a) of the Internal Revenue Code, for that portion of the income which was to be used exclusively for charitable and educational purposes under paragraph fourthly of decedent's will; that it is entitled to a deduction under section 162 (b) of the Internal Revenue Code for that portion of the income which was distributable currently to the beneficiaries named in paragraph thirdly of decedent's will; and that, inasmuch as the entire income fell within one or the other subsections, the estate is entitled to deductions in the amount of the total income of the estate without regard to such deductions.

The respondent on brief states that the sole issue presented in this proceeding is whether the petitioner, an ancillary administrator of decedent's estate, is entitled to any deduction from the net income of the estate from sources within the United States by reason of the payment of the administration expenses, annuities, and payments to Canadian charities. He argues that the executors of decedent's estate combined into one account the net income received from petitioner with the income received by the executors from Canadian sources; that from the total income thus received, the executors paid administration expenses and the annuities and divided the balance of the income among the four Canadian charities; that the record does not sustain a finding as to what amount, if any, of the United States income was used to pay administration expenses, annuities, or the payments to the charities; that the record is silent as to what the administration expenses were, and whether they were attributable to the estate in Canada or to the estate in the United States; and that in the absence of such showing petitioner is not entitled to any deduction.

In the fiduciary return filed by petitioner, he reported total rent received of $20,300 and claimed various deductions, such as depreciation, commissions, repairs, insurance, property taxes, and legal expenses, in the aggregate amount of $6,624.95, leaving a net income of $13,675.05. All the above deductions claimed were allowed by respondent. Obviously, such expenses are attributable to the estate under the control of the petitioner. There being no evidence to the contrary, it is reasonable to assume that such expenses were the only expenses so attributable and that all other expenses paid by the executors during the period involved were expenses attributable to the estate in Canada. It is to be noted that the books of account of the executors show rent received from petitioner in the amount of $17,779.40 and disbursement for expenses in the amount of $2,987.82. This is no doubt in part due to the fact that the petitioner made his fiduciary income tax return on the accrual basis, whereas the executors'

accounts are on the cash receipts and disbursements basis, and in other part to the fact that petitioner deducted depreciation of $2,241.24 not reflected in the executors' accounts. The question, therefore, remains whether there is a showing that the annuities and the amount payable to the charities, if deductible by the petitioner, were paid out of the net income of $13,675.05 of this petitioner. There being no showing to the contrary, it may reasonably be assumed, since the income from Canadian sources and the income from United States sources were combined into one account, that the annuities and payments to the charities were paid by the executors out of the income from United States sources on the basis that the net income of $13,675.05 from United States sources bears to the entire net income of the estate, or $32,159.20 ($13,675.05 plus $18,484.15). See *William Edward Muir*, 10 T. C. 307.

We first consider the deduction claimed under section 162 (a). Section 162 (a) and section 23 (o), a reference to which is required by section 162 (a), are set forth below.[1] Section 23 (o) (2) was changed to its present form by section 224 (a) of the Revenue Act of 1939.

Petitioner argues that under the second clause of section 162 (a), i. e., "or to be used exclusively for * * * charitable, * * * or educational purposes," estates and trusts are permitted to deduct without limitation any portion of their income paid or permanently set aside to be used exclusively for the stated purposes, and that under such provision there is no requirement that the contribution must be made to a domestic institution or that it be used exclusively in the United States or its possessions. Petitioner concedes that, to be allowable as deductions under the first clause of section 162 (a), requiring reference to section 23 (o), contributions must be made to domestic

---

[1] SEC. 162. NET INCOME.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

(a) There shall be allowed as a deduction (in lieu of the deduction for charitable, etc., contributions authorized by section 23 (o)) any part of the gross income, without limitation, which pursuant to the terms of the will or deed creating the trust, is during the taxable year paid or permanently set aside for the purposes and in the manner specified in section 23 (o), or is to be used exclusively for religious, charitable, scientific, literary, or educational purposes * * *.

SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

* * * * * * *

(o) CHARITABLE AND OTHER CONTRIBUTIONS.—In the case of an individual, contributions or gifts payment of which is made within the taxable year to or for the use of:

* * * * * * *

(2) A corporation, trust, or community chest, fund, or foundation, created or organized in the United States or in any possession thereof or under the law of the United States or of any State or Territory or of any possession of the United States, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation.

* * * * * * *

organizations of the character set forth in section 23 (o) (2). Thus his contention is that the contributions provided for in paragraph fourthly of the decedent's will fall within the second clause of section 162 (a).

Paragraph fourthly of the will provides that the capital of the residue of the estate of the testatrix, subject to special bequests and annuities, shall be held in trust by her executors and that the revenues from such trust fund shall be divided equally between the School for Crippled Children, Montreal Association for the Blind, Children's Memorial Hospital, and Montreal Convalescent Home, all of Montreal, Canada. It was stipulated as a fact that such ·beneficiaries were organized and *operated* exclusively for charitable and educational purposes. [Emphasis supplied.] From this stipulated fact there arises a conclusive presumption that any funds available to such organizations would "be used exclusively for charitable and educational purposes." Thus all the income of the estate remaining after the payment of the annuities was, under the terms of the will, distributable by the executors to the four designated institutions which were organized and operated exclusively for charitable and educational purposes. Since such beneficiaries were organized and operated exclusively for charitable and educational purposes, it follows that the income distributable to them under the will was paid or permanently set aside "to be used exclusively" for such purposes, thus bringing the distribution within the second clause of section 162 (a).

As stated in *Estate of J. B. Whitehead*, 3 T. C. 40; affd. (CCA–5). 147 Fed. (2d) 977, "Tax provisions as to charities are begotten from motives of public policy and are not to be narrowly construed." With that principle in mind, we are of the opinion that the amounts distributed or distributable to the four beneficiaries named in paragraph fourthly of the will are deductible under section 162 (a).

The next question to be considered is whether petitioner is entitled to a deduction under subsection (b) of section 162 [2] of any portion of the income of the estate paid to the beneficiaries named in paragraph thirdly of the will.

The petitioner argues that decedent in her will directed her executors to make specified monthly payments of income to designated beneficiaries; that such directions were carried out; that, therefore, a portion

---

[2] SEC. 162. NET INCOME.

\* \* \* \* \* \* \*

(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year.

of the income from the United States properties was currently distributable to designated beneficiaries; and that, to the extent such income was distributed, he is entitled to a deduction.

It is contended by respondent that petitioner is not entitled to the deduction claimed on the record made. He argues on brief that, since four of the five beneficiaries were designated in decedent's will as her employees, viz., one as "my maid," one as "my chauffeur," and two as "my servants," and, since all were citizens and residents of Canada, the monthly payments to the four, and possibly to the fifth also, were for services rendered, and that, under Article VI of the Convention and section 8 of the Protocol between the United States and Canada (C. B. 1942-2, p. 337) and section 22 (b) (7) of the Internal Revenue Code,[3] such payments are exempt from United States taxes. The relationship of the fifth beneficiary to decedent is not disclosed.

Article VI of the Convention provides, in part, as follows:

Pensions and life annuities derived from within one of the contracting States and paid to individuals residing in the other contracting State shall be exempt from taxation in the former State.

The term "pensions" in the above article is defined in section 8 of the protocol as "periodic payments made in consideration for services rendered or by way of compensation for injuries received." (C. B. 1942-2, pp. 342-343.)

The petitioner concedes that the statutory scheme is to tax the income which is currently distributable either to the beneficiary or the fiduciary in the taxable year during which the income is realized. He stipulates that some of the payments were made to former employees of decedent. He argues, however, that the fact that some of the beneficiaries were former employees does not mean that the payments to them are pensions as defined in section 8 of the protocol; that whether the payments are exempt from United States tax is immaterial because the tax liability of the beneficiaries is not before the court; and that an actual reporting of the income or the payment of the tax by the beneficiary is not a condition precedent to the allowance of the deduction to the estate or trust.

Upon the record as made, it is reasonable to assume that the monthly payments to at least four of the beneficiaries named were directed to be made "in consideration for services rendered." In *Old Colony Trust Co. et al., Executors*, 38 B. T. A. 828, it is stated:

\* \* \* These sections of the statute [section 162 (b) or (c), Revenue Act of 1934] are to be read in the light of the general precept of *Helvering* v. *Butter-*

---

[3] SEC. 22. GROSS INCOME.

\* \* \* \* \* \* \*

(b) EXCLUSIONS FROM GROSS INCOME.—The following items shall not be included in gross income and shall be exempt from taxation under this chapter:

(7) INCOME EXEMPT UNDER TREATY.—Income of any kind, to the extent required by any treaty obligation of the United States.

*worth,* 290 U. S. 365; *Helvering* v. *Pardee,* 290 U. S. 365; *Bush* v. *Commissioner,* 89 Fed. (2d) 596; *Anna M. Chambers et al., Trustees,* 33 B. T. A. 1125; *William B. Weigel et al., Trustees,* 34 B. T. A. 237, that the income of an estate is to be taxed to either the fiduciary or the beneficiary distributee, and that it may not be permitted to escape tax by falling in some way between the two.  *  *  *

Since the tax upon income currently distributable by a fiduciary is payable under the statute by either the fiduciary or the beneficiary, depending upon whether or not such income is includible in computing the net income of the beneficiary for income tax purposes, it is incumbent upon the fiduciary claiming the deduction to show that the amount sought to be deducted is includible in the net income of the beneficiary to whom the income is distributable, whether distributed or not.  Under the circumstances herein, a showing that the will directed payments, and payments were made accordingly, is not sufficient.  A taxpayer seeking a deduction must show that he comes within the terms of the applicable statute.  *New Colonial Ice Co.* v. *Helvering,* 292 U. S. 435.

In our opinion the petitioner is not entitled under section 162 (b) to a deduction of any portion of the amounts aggregating $3,000 paid to the first four annuitants named in paragraph thirdly of decedent's will.

The term "life annuities" in Article VI of the Convention is defined in section 9 of the protocol as "a stated sum payable periodically at stated times, during life, or during a specified number of years, under an obligation to make the payments in consideration of a gross sum or sums paid by the recipient or under a contributory retirement plan."  Clearly the annuity payable to Cecil Noble under paragraph thirdly of decedent's will is not a life annuity within the meaning of such section 9.  There is nothing in the record indicating that the decedent provided for such annuity in consideration for services rendered as in the case of the four other annuitants named in the same paragraph of the will.  The annuity paid to Cecil Noble, if paid entirely from the net income reported by petitioner as ancillary administrator, is not exempt from taxation by the United States under Article VI of the Convention and section 22 (b) (7) of the Internal Revenue Code.  See section 211 (a) (1) of the same code.  Not being exempt from tax, it is includible by such beneficiary in computing his net income.  Since it is includible in the beneficiary's net income, it is deductible by the fiduciary under section 162 (b), but only to the extent paid out of the income derived from sources within the United States.  The portion of the annuity of $4,000 deductible is to be computed as heretofore indicated.

On brief, no claim was made that the annuities under paragraph thirdly were deductible under section 162 (c).

*Decision will be entered under Rule 50.*